**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **DAN MILLER and LORI MILLER,** § § § **Civil Action No.:**  Plaintiffs, § § v. § § **OXFORD LAW, LLC,** § **JURY TRIAL DEMANDED** § Defendant. § § | |

## COMPLAINT

DAN MILLER ("Plaintiff Dan") and LORI MILLER ("Plaintiff Lori") (collectively referred to as "Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against OXFORD LAW, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction over all state law claims is proper pursuant to 28 U.S.C. § 1367 et seq.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiffs are natural persons who reside in Houston, Texas 77034.

6. Defendant is a debt collection company with its principal place of business located at 311 Veterans Highway, Suite 100A, Levittown, Pennsylvania 19056.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6); and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

8. Defendant regularly conducts business in the State of Texas, thus personal jurisdiction is established.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all times material hereto, Defendant sought to collect an alleged consumer debt from Plaintiffs, which was originally owed to GMAC.

11. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes as Plaintiffs have no business debt.

12. Beginning in or around October 2013, Defendant placed repeated harassing telephone calls to Plaintiffs' cellular telephones in order to collect the alleged debt.

13. Defendant's harassing collection calls originated from numbers including, but not limited to (215) 526-2600 and (877) 543-6151. The undersigned has confirmed that these numbers belong to Defendant.

14. At all relevant times, Plaintiffs advised Defendant that they disputed the debt because they had paid it off in full to the original creditor in 2008.

15. Accordingly, Plaintiffs demanded that Defendant cease from contacting either of them.

16. Despite Plaintiffs' request not to be contacted, Defendant's collectors, including but not limited to individuals named Shawn Perri and Quincy Jackson, continued to call Plaintiffs attempting to collect on the disputed debt.

17. Once Defendant was aware that Plaintiffs disputed the debt and that they did not wish to be contacted there was no legitimate reason for additional calls, other than for the purposes of harassment.

18. Moreover, on at least one occasion, Defendant threatened to garnish Plaintiffs wages if they did not pay the alleged debt.

19. Upon information provided and belief, Defendant did not actually intend to garnish Plaintiffs wages but, instead, made such threat with the intent to place Plaintiffs in fear and to coerce payment.

20. Finally, within five days of its initial communication with Plaintiff, Defendants failed to send written notification of her rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

21. Defendant took the actions described above with the intent to harass, deceive and coerce payment from Plaintiffs on a disputed debt.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE FDCPA**

22. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. Defendant violated § 1692d when it repeatedly and continuously placed harassing calls to Plaintiffs; when it continued to call Plaintiffs after being made aware that Plaintiffs disputed owing the debt; and, when it used a threat to garnish wages as a means to coerce payment of the disputed debt from Plaintiffs.

**COUNT II**
**DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

24. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant violated § 1692d(5) when it repeatedly and continuously called Plaintiffs regarding a disputed debt with the intent to annoy, abuse, and harass.

**COUNT III**
**DEFENDANT VIOLATED §§ 1692e AND 1692e(10) OF THE FDCPA**

26. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

27. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28. Defendant violated §§ 1692e and 1692e(10) when it deceptively threatened to garnish Plaintiffs' wages, although it never actually had the intent to take such action.

## COUNT IV
### **DEFENDANT VIOLATED § 1692e(5) OF THE FDCPA**

29. A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

30. Defendant violated § 1692e(5) when it threatened to garnish Plaintiffs' wages, although it never actually had the intent to take such action.

## COUNT V
### **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

31. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

32. Defendant violated § 1692f when it harassed Plaintiffs regarding the disputed debt; when it threatened Plaintiffs; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT VI
### **DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA**

36. A debt collector violates § 392.302(4) of the TFDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

37. Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's cellular telephone to ring repeatedly or continuously with the intent of annoying and harassing Plaintiffs regarding a debt not owed and that Defendant knew was disputed.

WHEREFORE, Plaintiffs, DAN MILLER and LORI MILLER, respectfully pray for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

    e.    Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

    f.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, DAN MILLER and LORI MILLER, demand a jury trial in this case.

Respectfully submitted,

Dated: August 8, 2014    By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff
    Kimmel & Silverman, P.C.
    30 East Butler Pike
    Ambler, Pennsylvania 19002
    Phone: (215) 540-8888
    Facsimile (877) 788-2864
    Email: abennecoff@creditlaw.com